## No. 8765.

### THOMAS R. WOOD vs. HIS CREDITORS.

An appeal will not be dismissed if the appellees have not been cited, where the petition prays for citation and where a provisional syndic appeals from a judgment denying him the right to render his account, through the court, to a definitive syndic. Such judgment is not an interlocutory, but is a final judgment, from which an appeal lies.

A rule lies at the instance of a definitive syndic to compel a provisional syndic to render an account.

The provisional syndic is not bound to render such account from hand to hand, to the definitive syndic. He has the right of rendering it to the definitive syndic through the channel of the court, and of having all issues raised by oppositions to it adjudicated upon by the court.

The *ex-parte* homologation of such account, regardless of an exception to the right of filing such account, is a nullity and may be disregarded by the court.

APPEAL from the Twenty-sixth District Court, Parish of St. John the Baptist. *Hahn*, J.

---

*L. De Poorter* for J. Vignes, Appellant.

*Chs. Louque* for the Syndic, Appellee.

*Jas. D. Augustin* for the Sheriff, Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The provisional syndic appointed by the lower court having appealed from several judgments, one ordering him to account to the definitive syndic, another rescinding the homologation of an account presented by him, and a last one dismissing the petition submitting said account, as well as the account itself, the definitive syndic moves to dismiss the appeals on the ground that all the credi-

33

tors interested in this insolvency should have been made parties, in case of the eventual overruling of this ground, for the further reasons: that the provisional syndic is without right or interest to appeal, being a mere stakeholder, and that no appeal lies from such judgments, which are interlocutory and work no irreparable injury.

1. The provisional syndic has, in his petitions, prayed for the citation of all parties in interest, and has thus protected himself. 32 An. 561, 655; 12 An. 112; 29 An. 822, 832.

. 2. The provisional syndic has a right to be discharged from all liability upon rendering a true and complete account of his acts and doings in that capacity. He thinks that such account should be rendered through the channel of the court, after public notification to all concerned, while the syndic is of a contrary opinion. The lower court has also taken that view. The provisional syndic has an undoubted interest at stake, namely: the protection of himself and of his sureties on his official bond. It is precisely because he is a stakeholder that he wishes to know, by a final adjudication contradictorily rendered with all possibly concerned, to whom he is to deliver the assets in his hands. He proposes, by his account, to do so to the court and to the creditors, while the definitive syndic claims that the assets are instantly to be turned over to him, and that he is the one to distribute them. Had a judgment been rendered against a creditor and in favor of the insolvent estate, unquestionably the provisional syndic, having no personal interest involved, could not be permitted to complain of such adjudication. But this case is quite different. The fact that he is a stakeholder does not defeat his right to an appeal in a case such as he presents. By not appealing he may sustain an irreparable injury.

3. The judgment sustaining the exception filed to the petition presenting the account and dismissing both is not an interlocutory order but a final judgment, from which an appeal certainly lies. 2 M. 136; 7 M. 520; 3 N. S. 265; 16 L. 515; and 30 An. 1083.

The motion to dismiss is overruled.

### ON THE MERITS.

The question presented is simply whether a provisional syndic, who has assets in his hands, has the right to render an account to the syndic by presenting it to the court, with mention of the active and *passive*, of the insolvency and prayer, that after due notification it be homologated and the funds be distributed accordingly.

It appears, in this case, that the definitive syndic having taken a rule on the provisional syndic for an account and for the turning over

of the assets to him, the latter, almost immediately thereafter, filed a petition addressed to the court, accompanied by an account, whereby he acknowledged to have received and proposed to distribute the sum of $1,211.55. In conformity with the prayer, the court ordered that due notice be given of the rendition of the account, calling on all concerned to show cause why it should not be homologated and the funds distributed accordingly. Within the legal delay, an exception was filed, contesting the right of the provisional syndic to offer such an account. After the expiration of the ten days, on a certificate of publication and of no opposition, the Judge homologated the account and ordered the distribution of the proceeds. A motion was then made for a new trial and for the rescission of the decree of homologation and distribution. After trial the rule was made absolute and the decree was annulled and set aside. After hearing, the exception was sustained, and the petition and account were dismissed. From the judgments thus rendered the provisional syndic has appealed.

Sections 1792 and 1793 of the R. S. of 1870 are to the effect, that the provisional syndic shall do all conservatory acts and keep the assets as a deposit; that his administration shall cease on the nomination of a definitive syndic, to whom he shall render an account. 11 R. 28.

The law is not express as to the mode in which that account shall be rendered. It does not say that it shall be rendered from hand to hand. It implies that it shall be rendered in some legal form. It is possible that such account may be well rendered amicably, but it may also be, that creditors and others, not parties to such rendition, may attack it and oppose the discharge of the provisional syndic. It is not easy to discover what valid objection exists to the rendition of an account, as was done in this.

In the usual course of practice in succession matters, accounts by parties, who have ceased to be executors or administrators, are rendered through the courts, contradictorily with all concerned and after due publications. There is no reason why, in insolvency proceedings, which are in pari materia, the same form should not be pursued.

The Reports are not without a precedent. A provisional syndic was recognized the right of presenting such an account. Statements in such account homologated without opposition were, on appeal, considered established, and the value of the assets, on which a commission was claimed, was taken as correctly given therein. 11 An. 36.

If it be true that the provisional syndic has no authority to propose a repartition of the funds, as was done in this case, the issue should be presented, not by an exception to the petition submitting the account, but by an opposition objecting to the distribution. The want

of authority to distribute does not imply the absence of right to render the account contradictorily with all concerned.

The action of the lower court on the rule for an account ordering the same is not open to valid objection.

The decree of homologation of the account and the order of distribution were nullities, as they were rendered notwithstanding the exception, which should have been taken as an opposition. The basis of the homologation in full was an erroneous certificate of the clerk, deceptive in character. The District Judge exercised a proper discretion in granting a new trial and, as a corrollary, in setting aside the decree and order.

We do not wish to be understood as passing favorably upon the right claimed by the provisional syndic of rendering the account in the manner and form in which it was prepared. That account is open to attack, as to its substance, by any party concerned.

We merely decide that the provisional has a right to render to the definitive syndic, through the channel of the court, the account which the law says he shall render, and to have the court to adjudicate upon all issues that may arise from oppositions to the same.

The judgment sustaining the exception, which dismisses the petition and rejects the account accompanying it, is erroneous.

It is, therefore, ordered and decreed, that the judgment appealed from, ordering an account and rescinding the decree of homologation and the order for the distribution of funds, be affirmed.

It is further ordered and decreed, that the judgment sustaining the exception and dismissing the petition and the account, be reversed; and

It is now ordered and decreed, that said exception be overruled, without prejudice to the right, if any, of the exceptor to oppose seasonably the account on any legal ground, and that this cause be remanded to the lower court for further proceedings according to law, appellees to pay costs of appeal and those of the lower court from the filing of the exception.